IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AIRDRONIC TEST & BALANCE, INC.,<br><br>Defendant. | Civil No. 1:19-cv-00088-TSE-MSN |

**REPORT & RECOMMENDATION**

This matter comes before the Court on plaintiffs' Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 13).[1] Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment in the Funds' favor for the reasons that follow.

**I.   Procedural Background**

On January 24, 2019, the Funds filed the instant action against defendant Airdronic Test & Balance, Inc. ("Airdronic") alleging that Airdronic breached a Collective Bargaining Agreement (the "Agreement") with Local Union No. 219 and seeking an award for delinquent contributions, liquidated damages, interest, late fees, and attorney's fees and costs for May through December 2018. Compl. (Dkt. No. 1) ¶¶ 20-28. The summons, Complaint, and supporting documents were served on Airdronic on February 15, 2019 by first-class mail to the Illinois Secretary of State,

---

[1] Plaintiffs include the Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Sheet Metal Workers' Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee's ("NEMIC") (collectively, the "Funds").

Department of Business, because Airdronic was dissolved on January 11, 2019 (Dkt. No. 3). *See also* Fed. R. Civ. P. 4(c), (e), and (h); 805 Ill. Comp. Stat. 5/5.25(b)(2) (2013) ("The Secretary of State shall be irrevocably appointed as an agent of a domestic corporation or of a foreign corporation having authority upon whom any process, notice or demand may be served: . . . Whenever the corporation's registered agent cannot with reasonable diligence be found at the registered office in this State . . ."). Under Fed. R. Civ. P. 12(a), a responsive pleading was due twenty-one (21) days after delivery of the pleadings; however, Airdronic failed to file a responsive pleading in a timely manner. On March 14, 2019, the Funds filed a Request for Clerk's Entry of Default (Dkt. No. 5), which the Clerk of Court filed the following day (Dkt. No. 6).

On March 20, 2019, the Funds filed a Motion for Leave to Amend Complaint to add additional amounts that had become due through February 19, 2019 and an additional count for Airdronic's failure to submit the necessary documents for the Funds to conduct an audit of its payroll for the calendar years of 2015 through 2018 (Dkt. No. 7). The Court granted the Funds' motion (Dkt. No. 8), and the Amended Complaint was deemed filed as of March 20, 2019 (Dkt. No. 9). On March 28, 2019, the Amended Complaint was delivered to Airdronic by certified mail (Dkt. No. 11). Because Airdronic did not timely file a response to the Amended Complaint, the Funds again filed a Request for Entry of Default (Dkt. No. 10), which the Clerk of Court filed on April 17, 2019 (Dkt. No. 12).

On April 18, 2019, the Funds filed a Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 13), along with a Brief in Support of Plaintiffs' Motion for Default Judgment (Dkt. No. 14) and a Notice of Hearing on Plaintiffs' Motion for Default Judgment (Dkt. No. 15). The Funds' motion was supported by two declarations from Kenneth Anderson, Jr. and Diana M. Bardes (Dkt. Nos. 14-1 and 14-2). On May 10, 2019, counsel for the Funds appeared at the hearing

on their motion for default judgment and no one appeared on behalf of Airdronic (Dkt. No. 16). On May 13, 2019, the Funds filed a Supplemental Declaration (Dkt. No. 17) providing additional hours expended and the process server costs which had been excluded from a prior declaration.

## II.   Factual Background

The following facts are established by the Amended Complaint, the memorandum in support of the Funds' motion for default judgment, and the supporting declarations.

NPF and ITI are employee benefit plans within the meaning of Sections 3(2), (3) of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1002(2), (3), as well as multiemployer plans within the meaning of Section 3(37)(A) of ERISA, *id.* at § 1002(37)(A). Amend. Compl. (Dkt. No. 8) ¶¶ 5-6. NPF and ITI are also jointly administered trust funds established pursuant to Section 302(c)(5), (6) of the Labor Management Relations Act of 1947, as amended, ("LMRA"), 29 U.S.C. § 186(c)(5), (6). *Id.* SMOH IT is a joint labor-management health and safety organization within the meaning of 29 U.S.C. § 186(c)(5). *Id.* at ¶ 7. Lastly, NEMIC is a labor management committee within the meaning of the Labor Management Cooperation Act of 1978 and 29 U.S.C. § 186(c)(9). *Id.* at ¶ 8. The Funds are administered in Fairfax, Virginia. *Id.* at ¶¶ 5-8. Airdronic is an Illinois corporation with an office in Rochelle, Illinois. *Id.* at ¶ 11. As of January 13, 2017, Airdronic dissolved its corporate form, but "has continued to operate despite its dissolved status." *Id.*[2]  At all times, Airdronic was an employer in "an industry affecting commerce." *Id.* at ¶ 10.

The Funds bring this action under Sections 502(a)(3), (d)(1), (g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145, and under Section 301(a) of the LMRA, 29 U.S.C.

---

[2]   The dissolution does not impair the civil remedy available to the Funds against Airdronic in its corporate name. *See* 805 Ill. Comp. Stat. 5/12.80 (2015) ("The dissolution of a corporation . . . shall not take away nor impair any civil remedy available to or against such corporation . . . at the time of, or after such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution.").

§ 185. *Id.* at ¶ 1. Airdronic is signatory to the Agreement with the Local Union No. 219, which requires Airdronic to submit monthly remittance reports and fringe benefit contributions to the Funds for all hours worked or paid on behalf of its covered employees. *Id.* at ¶ 13. Pursuant to the Agreement, Airdronic is further obligated to abide by the terms and conditions of the Trust Agreements establishing the Funds ("Trust Documents"). *Id.* at ¶ 14. The Funds claim that, for the months of January 2018 through February 2019, Airdronic failed to timely make all the required contributions under the Agreement (Count I) and failed to submit a payroll review of the calendar years 2015 through 2018 for a payroll audit (Count II). *Id.* at ¶¶ 20-21.

Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreement, the Trust Documents, and Section 301 of the LMRA, 29 U.S.C. § 185, if Airdronic fails to timely submit the contractually required remittance reports and contribution payments, and the Funds file a lawsuit to recover the unpaid contributions, Airdronic is required to pay the following amounts:

    a.    Interest on the delinquent contributions at a rate of .0233% per day, compounded daily;

    b.    Liquidated damages equal to the greater of: fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions that the Company fails to pay within 30 days after the due date, but pays before any lawsuit is filed;

    c.    Liquidated damages equal to the greater of interest on the delinquent contributions at the above rate or liquidated damages equal to twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and

    d.    The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs in this action.

*Id.* at ¶ 19. Article V, Section 3 of the Trust Agreement and Section V of NFP's Procedures for the Collection of Contributions both provide that the Funds may audit a contributing employer for the purposes of assuring the accuracy of reports and ensuring that such employer has remitted the appropriate amount of contributions to the Funds. *Id.* at ¶ 18.

### Count I—Failure to Make Timely Payments

The Funds assert that Airdronic failed to make contributions to the Funds, resulting in interest and liquidated damages for the period of May 2018 through February 2019. Amend. Compl. (Dkt. No. 9) ¶ 24. Based on estimates and remittance reports submitted by Airdronic, the Funds allege Airdronic owes contributions in the amount of $13,316.41 for the above-mentioned months, as well as $433.52 in interest through March 22, 2019 and $2,393.49 in liquidated damages. *Id.* at ¶ 25. For January through May 2018, the Funds further allege that Airdronic untimely paid a portion of the contributions, accruing $322.09 in late fees. *Id.* at ¶ 26. Accordingly, the Funds argue that the total amount owed by Airdronic for the period of January 2018 through February 2019 is $16,475.51, plus additional daily interest accruing through the date of payment. *Id.* at ¶ 27. Under Section 502(g) of ERISA, 29 U.S.C. § 1332(g), the Funds also argue that they are entitled to reasonable attorneys' fees and costs. *Id*. at ¶ 28. Prior to initiating the instant action, the Funds sent letters and attempted to directly contact Airdronic to obtain the outstanding payments; however, Airdronic failed to respond to any of the Funds' correspondence. *Id.* at ¶ 29.

### Count II—Failure to Submit Payroll Review

The Funds allege that Airdronic is obligated to submit to a payroll review by the Funds to determine whether it has accurately reported its eligible hours and consequently remitted the correct amount of contributions owed. Amend. Compl. (Dkt. No. 9) ¶ 33. Specifically, the Funds argue that Airdronic has failed and refused to fulfill its contractual obligations to submit documents necessary to conduct an audit of its payroll records for the calendar years of 2015 through 2018. *Id.* at ¶ 34. Prior to filing the Amended Complaint, the Funds and its agents attempted to directly contact Airdronic to obtain the necessary documents to conduct the audit; however, Airdronic, again, failed to respond. *Id.* at ¶ 37.

### III. Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA actions, such as the instant action, are conferred upon the Court pursuant to 29 U.S.C. §§ 1132, 1145, and 185, which provide that an action may be brought in any district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found. Here, jurisdiction and venue are proper because the Funds are administered in this district. *See* Amend. Compl. (Dkt. No. 9) ¶¶ 5-8.

### IV. Standard

Default judgment is appropriate if the well-pleaded allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Because Airdronic has not answered or otherwise timely responded, the well-pleaded allegations of fact in the Amended Complaint are deemed to be admitted.

## V.     Analysis

Having examined the record, the undersigned finds that the well-pled allegations of fact contained in the Amended Complaint—and supported by the Funds' Motion for Default Judgment, declarations, and exhibits—establish that Airdronic failed to make contributions for the period of May 2018 through February 2019, and failed to make timely contributions for a portion of the payments in May 2018. The undersigned further finds that Airdronic failed to submit documents necessary for the Funds to conduct an audit of its payroll records for the calendar years of 2015 through 2018. Airdronic's failure to make proper contributions and to submit to a payroll review is in violation of the Agreement, the Trust Documents, Sections 502(a) and 515 of ERISA, 29 U.S.C. §§ 1332(a)(3), and 1145, and Section 301 of LMRA, 29 U.S.C. § 185, and the Funds are entitled to default judgment in their favor and the request relief as detailed below.

### a.     Failure to Make Timely Payments

As set forth in the Motion for Default Judgment, Airdronic failed to make contributions from May 2018 through February 2019 and accrued late fees for a portion of untimely contributions for May 2018. Pls. Br. (Dkt. No. 14) 8-9. Airdronic is obligated, under the terms of the Agreement, to timely provide contributions to the Funds on behalf of its covered employees. As such, Airdronic has failed to fulfill its contractual obligations for owed contributions, resulting interest, liquidated damages, and late fees.

ERISA Section 515 provides that in any action brought to enforce payment of delinquent contributions in which a judgment in favor of the plan is awarded, 29 U.S.C. § 1145, the court shall award the plan:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

>> (C) an amount equal to the great of –
>>
>>> (i) interest on the unpaid contributions, or
>>> (ii) liquidated damages provided for under the plain in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>>
>> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also* 29 U.S.C. § 185(a) (providing a separate, but overlapping, basis for relief). In support of their claim for damages, the Funds submitted a declaration from Mr. Anderson with the motion for default judgment in support of the delinquent contributions, liquidated damages, and interest (Dkt. No. 14-1). The Funds also submitted declarations from Ms. Barnes in support of their request for attorneys' fees and costs (Dkt. Nos. 14-2 and 17).

The information contained in the declaration from Mr. Anderson on behalf of the Funds establishes that they are owed contributions in the amount of $13,316.41 for the months of May through February 2019; liquidated damages, calculated at 20% of the delinquent contributions, in the amount of $2,663.30;[3] interest assessed at a rate of 0.0233% per day, compounded daily, from the date due through April 15, 2019 in the amount of $708.37; and late fees in the amount of

---

[3] The Funds state that their "Amended Complaint correctly stated that liquidated damages are calculated at 20% of the delinquent contributions, however, the liquidated damages listed in the Amended Complaint were calculated incorrectly. The correct amount of liquidate damages due on the delinquent contributions is $2,663.30." Pls. Br. (Dkt. No. 14) 8 n.3. Under Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." "[L]imiting damages in a default judgment award to what is 'specified in the [complaint's] demand for judgment' . . . ensures that a defendant who is considering default can look at the damages clause, satisfy himself that he is willing to suffer judgment in that amount, and then default without need to hire a lawyer." *ExxonMobil Oil Corp. v. Black Stone Petroleum Inc.*, 221 F. Supp. 3d 755, 767 (E.D. Va. 2016). The Funds are correct that although they miscalculated the liquidated damages figure in the Amended Complaint, they did explicitly state that such damages would be calculated at 20% of the delinquent contributions. Accordingly, this provides sufficient notice to Airdronic regarding the amount of liquidated damages.

$134.91 for May 2018,[4] totaling to $16,822.99. *See* Anderson Declr. (Dkt. No. 14-1) 5, 98. In addition, the declarations from Ms. Barnes detail the fees and costs incurred for the Funds in this action. As stated in the declarations, the total amount of fees incurred is $4,796.59 for 18.7 hours of attorney and paralegal time and the amount of costs requested is $674.17 for the filing fees, service of process fees, copying, and postage. Barnes Declr. (Dkt. No. 17) 2. The undersigned has reviewed the declarations and the supporting documentation and recommends that the court find that the $4,796.59 request for fees and $674.17 for costs by the Funds as reasonable and should but paid by Airdronic.

For these reasons, the undersigned recommends that a default judgment be entered in favor of the Funds against Airdronic on Count I in the Amended Complaint in the amounts shown below:

| Delinquent Contributions | $13,316.41 |
|---|---|
| Liquidated Damages | $2,663.30 |
| Accrued Interest (4/15/2019) | $708.37 |
| Late Fees | $134.91 |
| Attorney's Fees | $4,796.59 |
| Attorney's Costs | $674.17 |
| *Total* | **$22,293.75** |

b.  **Payroll Audit Records**

Lastly, the Funds argue that they are entitled to an order compelling Airdronic to submit to the payroll review and judgment on any resulting amounts due. Pls. Br. (Dkt. No. 14) 9. Pursuant

---

[4] Again, the Funds appear to have miscalculated the late fees. However, late fees in the Amended Complaint were in the amount of $332.09, but the Funds only seek $134.91 now in late fees. Accordingly, this amount does not exceed the amount pleaded in the Amended Complaint.

to Section 515 of ERISA, 29 U.S.C. § 1145, employers who are obligated to make contributions to a multi-employer employee benefit plan must do so in accordance with the terms of the applicable collective bargaining agreement and plan. *See, e.g.*, the Trust Documents (Dkt. No. 14-1) 74 ("The Trustees have the authority to conduct an audit of the entire personnel, payroll wage records encompassing all employees and any job or project information of any Employer for the purposes of assuring the accuracy of reports and Contributions…."); *see also* the Agreement (Dkt. No. 14-1) 41 ("Each Employer shall be subject to an audit of the Employer's financial, payroll, wage, job or project records for determining the accuracy of Fund contributions and the Employer's ability to meet its contribution obligations."). Airdronic has failed and refused to fulfill its contractual obligations to submit necessary documents to conduct an audit of its payroll records for the calendar years of 2015 through 2018. Amend. Compl. (Dkt. No. 9) ¶ 34; *see also* Anderson Declr. (Dkt. No. 14-1) 5 ("The Funds notified Airdronic of their obligation to submit to a payroll review of calendar years 2015 through 2018 on January 17, 2019 . . . After Airdronic failed to respond to the Funds' January 17, 2019 request, the Funds' auditors followed-up with Airdronic regarding its obligation to comply with the Funds' audit request on January 24, 2019 and February 12, 2019. To date, Airdronic has failed to respond to these requests as required under the Agreement and Trust Documents."). Accordingly, the undersigned recommends that a default judgment be entered in favor of the Funds against Airdronic on Count II in the Amended Complaint by requiring Airdronic to comply with the Funds' audit request and pay any amounts found due by such audit.

## VI. Recommendation

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of the Funds against Airdronic on Count I of the Amended Complaint in the

amount of **$22,293.75** and on Count II of the Amended Complaint by requiring Airdronic to comply with the Funds' audit request and pay any amounts found due by such audit. The undersigned further recommends that the Court retain jurisdiction to enter judgment on any amounts due that are discovered by such audit.

### VII.   Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to Airdronic at its address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

May 23, 2019
Alexandria, Virginia